UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------X

YAMANI RAVENELL,

        *Petitioner*,                                                 **ORDER**
                                                                        **05-CV-594 (NGG)**

        - against -

WILLIAM E. PHILLIPS, Superintendent,
Green Haven Correctional Facility,

        *Respondent*.

----------------------------------------------------X
GARAUFIS, United States District Judge.

    Pro se petitioner Yamani Ravenell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 2, 2004. The respondent, through the Kings County District Attorney, responded on April 6, 2005 to the court's Order to Show Cause. On May 31, 2005, the court received a letter from Ravenell in which he requested that he be allowed to withdraw his petition "without prejudice" so that he can raise additional issues not addressed in his petition in state court.

    By Order dated June 20, 2005, I construed Ravenell's request as one asking the court to stay his current petition and hold it in abeyance until his new claims have exhausted.[1] Because

---

[1] I construed the Petitioner's request as such because a subsequent petition by Ravenell would be barred from review as untimely under 28 U.S.C. 2244(d)(1)(A). Ravenell's judgment of conviction became final on March 12, 2004, meaning that, absent extraordinary circumstances, the period in which Ravenell could seek federal habeas review expired on June 10, 2005, one year following his conviction, see 28 U.S.C. 2244(d)(1)(A), plus the ninety-day period allowed for petition for a writ of certiorari to the United States Supreme Court. See Pratt

1

there was no indication in Ravenell's May 31, 2005 letter regarding whether he had good cause for failing to exhaust his unexhausted state claims, I granted him thirty (30) days to inform the court in writing as to whether he had good cause for this procedural shortcoming.  Alternately, Ravenell was directed to inform the court whether he wished to forego his unexhausted claims and proceed only on those claims that he has exhausted.

On October 6, 2005, well past the thirty-day deadline imposed by Order of this court, the Petitioner wrote to the court informing me that since being transferred to a new correctional facility he has "not [been] receiving any of my transcripts and legal documents."  He requested that the court provide him "input as to what steps I need to take in this matter."  In response, the Petitioner has been informed that this court is not in a position to assist him in obtaining his legal documents.  Thus, the Petitioner's request for a stay of his current habeas corpus petition and to hold it in abeyance until his unexhausted claims have been exhausted remains before the court.

As I stated in my June 20, 2005 Order, although a district court has the discretion to stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims, "stay and abeyance should be available only in limited circumstances."  <u>Rhines v. Weber</u>, --- U.S. ---, 125 S.Ct. 1528, 1535 (2005).  Specifically, a district court should only employ stay and abeyance when it "determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  <u>Id.</u>

---

<u>v. Greiner</u>, 306 F.3d 1190, 1195 n.1 (2d Cir. 2002).

Thus, the Petitioner is hereby granted thirty (30) days from date of this Order to once again inform the court in writing as to whether he had good cause for not exhausting certain of his claims, or, in the alternative to inform the court that he wishes to forego his unexhausted claims and proceed only on those claims that he has exhausted. In the event that the Petitioner does not comply with this order, Petitioner's request for stay and abeyance will be denied and this court will proceed to consider and decide his petition.

SO ORDERED.

Date:  December 1, 2005  /s/
       Brooklyn, New York  NICHOLAS G. GARAUFIS
                           United States District Judge